91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Thomas MENDEZ, Defendant-Appellant.
 No. 95-56504.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 18, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges and MERHIGE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Arthur Thomas Mendez, a federal prisoner, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2255 motion. In his § 2255 motion, Mendez challenged his 1992 conviction of drug offenses. He claimed that his conviction violated the Double Jeopardy Clause because there had been a prior civil forfeiture. We have jurisdiction and we affirm.
 
 
 4
 As the Supreme Court recently held, civil forfeiture actions pursuant to 21 U.S.C. § 881(a)(6), drug proceeds, 21 U.S.C. § 881(a)(7), facilitation of a drug offense, or 18 U.S.C. § 981(a)(1)(A), money laundering, do not constitute "punishment." They do not place an individual in jeopardy for purposes of a double jeopardy analysis. United States v. Ursery, 1996 WL 340815 at * 16 (U.S. June 24, 1996).
 
 
 5
 Mendez claims that the Government filed a civil forfeiture action on January 3, 1992 in which it sought forfeiture of a pickup truck and another civil forfeiture action on March 26, 1992 in which it sought forfeiture of cash and jewelry seized from his apartment. While the judgments in those actions were not made part of the record, it is apparent that the Government sought forfeiture of the property because it was proceeds of a drug offense, § 881(a)(6); or it was involved in money laundering, § 981(a)(1)(A). See Ursery, 1996 WL 340815 at * 16.
 
 
 6
 In light of Ursery, the specifics of the forfeiture actions are inconsequential to the double jeopardy analysis. The forfeiture actions against Mendez were not criminal and did not constitute punishment. See id. Thus, because Mendez was not placed in double jeopardy as a result of the forfeitures, he cannot claim that he was placed in double jeopardy as a result of his criminal prosecution.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3